FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA  2019 JUL 25  PM 4: 04
TAMPA DIVISION

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:19 cr 312 T 02 TGW

21 U.S.C. § 846
LORENZO VALERIO-POPOCA                    21 U.S.C. § 841
  a/k/a "Lenx Valerio"

INDICTMENT                    SEALED

The Grand Jury charges:

COUNT ONE

Beginning on an unknown date, but not later than on or about January 29,

2018, and continuing through the date of this indictment, in the Middle District

of Florida, and elsewhere, the defendant,

LORENZO VALERIO-POPOCA,
a/k/a "Lenx Valerio,"

did knowingly, willfully, and intentionally conspire with other persons, both

known and unknown to the Grand Jury, to distribute and possess with intent to

distribute a controlled substance, which violation involved fifty (50) grams or

more of methamphetamine, a Schedule II controlled substance, and is therefore

punished under 21 U.S.C. § 841(b)(1)(A)(viii).

All in violation of 21 U.S.C. § 846.

SEALED

## COUNT TWO

On or about January 29, 2018, in the Middle District of Florida, and elsewhere, the defendant,

LORENZO VALERIO-POPOCA,
a/k/a "Lenx Valerio,"

did knowingly and intentionally aid and abet the distribution and possession with intent to distribute a controlled substance, which violation involved fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(viii).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2.

## FORFEITURES

1.      The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under 21 U.S.C. § 853.

2.      Upon conviction of the violations alleged in this Indictment, punishable by imprisonment for more than one year, the defendant,

LORENZO VALERIO-POPOCA,
a/k/a "Lenx Valerio,"

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, and derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and property used and intended to be

2

used, in any manner or part, to commit, and to facilitate the commission of such violations.

    3.    If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been comingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under 21 U.S.C. § 853(p).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: Daniel M. Baeza
Assistant United States Attorney

By: Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime Section

3

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

LORENZO VALERIO-POPOCA,
a/k/a "Lenx Valerio"

## INDICTMENT

Violations: 21 U.S.C. §§ 846 and 841

A true bill,

_____
Foreperson

Filed in open court this 25th day

of July 2019.

_____
Clerk

Bail $_____